POWER & IRRIGATION CO. OF CLEAR LAKE v. CAPAY DITCH CO. et al.

(District Court, N. D. California, Second Division. March 10, 1914.)

No. 14.

COURTS (§ 312*) — JURISDICTION OF FEDERAL COURTS — SUIT BY ASSIGNEE — CHOSE IN ACTION.

Under the provision of Judicial Code (Act March 3, 1911, c. 231, § 24, 36 Stat. 1091 [U. S. Comp. St. Supp. 1911, p. 135]), that no District Court shall have cognizance of any suit to recover on a chose in action in favor of an assignee, unless it could have been prosecuted in such court if no assignment had been made, a District Court is without jurisdiction of a suit by an assignee of the rights of the grantor in an instrument in form a deed, to have the same declared a mortgage in accordance with the contract of the parties, and to redeem therefrom, where for want of diversity of citizenship the assignor could not have maintained the suit in such court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 865–875; Dec. Dig. § 312.*]

In Equity. Suit by the Power & Irrigation Company of Clear Lake against the Capay Ditch Company, the Yolo County Consolidated Water Company, the Yolo Water & Power Company, J. M. Adamson, L. D. Stephens, and Joseph Craig. On motion of defendants to dismiss bill. Motion sustained.

Charles S. Wheeler and John F. Bowie, both of San Francisco, Cal., for plaintiff.

A. E. Shaw, Bert Schlesinger, Denson, Cooley & Denson, Theodore A. Bell, and Mastick & Partridge, all of San Francisco, Cal., for defendants.

DOOLING, District Judge. The plaintiff is a corporation organized under the laws of the state of Arizona. The complaint avers that the Central Counties Land Company, a corporation organized under the laws of the state of California, was on November 18, 1907, the owner of certain lands in Lake county, and on that day borrowed from defendant Capay Ditch Company three several sums of money, $5,625, $8,320.75, and $10,625, and executed and delivered to said ditch company its three several promissory notes for the said amounts, all payable on or before August 1, 1908. That contemporaneously, and as a part of the same transaction, and solely for the purpose of securing the payment of said notes, the said Central Counties Land Company executed and delivered to said ditch company an instrument in writing, in form a grant, bargain, and sale deed, but intended as a mortgage, conveying to said ditch company the said lands in Lake county; that on December 18, 1911, the said ditch company conveyed said lands to defendant Yolo County Consolidated Water Company, which company thereafter conveyed the said lands to defendants L. D. Stephens and Joseph Craig, who in turn conveyed the same to defendant Yolo Water & Power Company, and that each and all of the defendants named took said conveyances with full knowledge of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the real nature of the original deed from the Central Counties Land Company to the Capay Ditch Company; that plaintiff is the successor in interest of said Central Counties Land Company, and all of the title to said lands has by mesne conveyances become and is now vested in plaintiff, and that all of the demands of said Central Counties Land Company against the defendants have been transferred to plaintiff.

This action seeks to have the deed to the Capay Ditch Company adjudged a mortgage, and that leave be granted plaintiff to redeem said lands by paying whatever is found to be due to such of the defendants as may be entitled to it. Possession of the lands is also sought, as well as an accounting of the rents, issues, and profits thereof. It is further asked that a receiver be appointed to take charge of said lands and preserve the same, and that defendant Yolo Water & Power Company be enjoined from doing certain contemplated work thereon. A number of other averments of the complaint are omitted from this statement, because they have no bearing upon the question to be determined at this time. This question arises upon a motion to dismiss the bill upon several grounds, the one chiefly insisted upon being that the court is without jurisdiction because the suit is one upon a chose in action, and, as the Central Counties Land Company, because a citizen of this state, could not maintain the action in this court, neither can plaintiff, its successor, do so, although a citizen of another state. This brings up for consideration the following provisions of section 24 of the Judicial Code:

"No District Court shall have cognizance of any suit * * * to recover upon any promissory note or other chose in action in favor of any assignee, * * * unless such suit might have been prosecuted in such court to recover upon said note or other chose in action, if no assignment had been made.".

It is strongly urged that this is not a suit upon a chose in action, but is a suit to quiet title. However the action may be denominated, it seems quite clear to me that what is sought here is the enforcement of the original contract between the Central Counties Land Company and the Capay Ditch Company, and the rights asserted are based wholly thereon.

The court is asked to declare the instrument, in form a deed, to be a mortgage, and to do this because the parties agreed that it was such. If it were not for this agreement, plaintiff would have no cause of action against defendants. This agreement is a chose in action, and this suit, being to recover upon it, falls within the terms of section 24 above quoted, and cannot be maintained.

The motion to dismiss will, therefore, be granted.